# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Lois H. Goodman |
| V. | : | Mag. No. 12- 4509 |
| JOSE EDGARDO DELGADO-FEBRES | : | **COMPLAINT** |
| a/k/a "Michael Martinez" | : | |
| a/k/a "Maycoll David Martinez Ruano" | : | |
| a/k/a "Maycoll David Martinez" | : | |
| a/k/a "Marco David Martinez" | : | |

I, James McCaffery, being duly sworn state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached sheet(s) and made a part hereof.

James McCaffery, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
February 16, 2012 at Trenton, New Jersey

HONORABLE LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## ATTACHMENT A

On or about April 28, 2009, in Mercer County, in the District of New Jersey, and elsewhere, defendant

### JOSE EDGARDO DELGADO-FEBRES

did knowingly move and travel in interstate and foreign commerce with intent to avoid prosecution under the laws of the place from which he fled, namely the State of New Jersey, for crimes which are felonies under the laws of the State of New Jersey, specifically, Murder (N.J.S.A. 2C:11-3), Unlawful Possession of a Weapon (N.J.S.A. 2C:39-4D), and Possession of a Weapon for Unlawful Purpose (N.J.S.A. 2C: 39-5D).

In violation of Title 18, United States Code, Section 1073 and Title 18, United States Code, Section 2.

**ATTACHMENT B**

I, James McCaffery, Special Agent with the Federal Bureau of Investigation (FBI), have knowledge of the following facts based on my own investigation and upon conversations with other individuals involved in this investigation. I have not included all of the facts known to me in this affidavit, just those facts which I believe are necessary to establish probable cause. Where statements of others are set forth in this Affidavit, they are set forth in substance an in part:

1.      I have been employed as an FBI Special Agent for approximately 9 years and I am currently assigned to the Trenton Office, where I investigate violent crimes, including fugitive matters. During my tenure with the FBI, I have participated in numerous violent crime investigations.

2.      On Tuesday April 28, 2009, at approximately 1:19 a.m., Trenton Police received a 911 call from a thirteen year-old minor with the initials C.P. who was calling to report that his stepfather, Michael Martinez a/k/a Jose E. Delgado-Febres (hereinafter the "Defendant"), had stabbed his mother, Yerika Hernandez (hereinafter the "Victim"), at their residence, 659 Beatty Street, Apartment #1 in Trenton, New Jersey (hereinafter the "Residence"). In response, Trenton Police Officers were immediately sent to the Residence. Upon their arrival, the officers observed the Victim lying on her back in the kitchen entry way. Trenton Emergency Medical Services (T.E.M.S.) responded to the Residence and began rendering aid to the Victim. T.E.M.S. then transported the Victim to Capital Health System, Fuld Campus where she was pronounced dead at 1:51 a.m.

3.      According to C.P., Martinez had been involved in his life for approximately four years. Prior in the evening, the Victim had been angry with the Defendant for going out drinking. The Victim and the Defendant argued on the telephone before the Defendant came home. C.P. informed Trenton detectives that the Victim had a pre-paid red cellular telephone with the number (609) 310-2818 and that the Defendant had a Verizon cellular telephone with the number (609) 947-0053. During the early morning hours, C.P. heard the Defendant getting dropped off in front of the Residence, although C.P. was unaware of the exact time. The Victim went down to the front door and C.P. followed. The Victim saw C.P. standing behind her and made him go back upstairs. C.P. then ran back upstairs to his bedroom. C.P. told Trenton detectives he overheard the Victim and the Defendant arguing and then heard the sound of someone falling to the floor. C.P. heard crying coming from downstairs and thought that it was his younger brother, H.M. C.P. ran downstairs and saw the Defendant holding a kitchen knife in his hand and standing over the Victim, who was lying on the floor. The Defendant then put the knife in his waistband and told C.P. that he didn't want to leave C.P.'s mother like this and that C.P. should not call the police until after he left. The Defendant then grabbed his car keys and cellular telephone and left the Residence. C.P. described the Defendant's vehicle as a green minivan. C.P. further informed Trenton detectives that the Defendant also uses the name of Jose Delgado, a new identity the Defendant had purchased.

4.      On Tuesday, April 28, 2009, Trenton Police conducted a search warrant at the Residence. During the execution of the search warrant, the following items were found in the bedroom shared by the Victim and the Defendant:

    a.  Guatemalan issued passport in the name of Maycoll David Martinez Ruano, date of birth ████████████.

b.  Birth certificate in the name of Jose Edgardo Delgado Febres, date of birth ████

████

c.  New Jersey Motor Vehicle Commission Provisional License, issued in the name of Jose E. Delgado-Febres, date of birth ████████ and listing the address of 231 Pearl Street, Trenton, New Jersey;

d.  New Jersey Motor Vehicle Commission Identification Card issued in the name of Jose E. Delgado-Febres, date of birth ████████ and listing the address of 231 Pearl Street, Trenton, New Jersey; and

e.  Social security card number ████████ issued in the name of Jose E. Delgado-Febres.

5.      The photographs on the Guatemalan passport, the New Jersey Motor Vehicle Commission Provisional License and the New Jersey Motor Vehicle Commission Identification Card appear to be the same individual. This is the same individual that C.P. identified as Michael Martinez a/k/a Jose Delagado-Febres. The fact that the same photograph appears on identifications issued under two separate names (Maycoll David Martinez and Jose E. Delagado-Febres) supports C.P.'s assertion that the Defendant purchased the identity of Jose E. Delgado-Febres.

6.      On or about April 28, 2009, the Defendant was charged by criminal complaint in Trenton Municipal Court with Murder (N.J.S.A. 2C:11-3), Unlawful Possession of a Weapon (N.J.S.A. 2C:39-4D), and Possession of a Weapon for Unlawful Purpose (N.J.S.A. 2C: 39-5D) and an arrest warrant was issued (attached hereto as Exhibit 1). Each of these crimes is a felony offense punishable by a term of imprisonment of more than one year.

7.      On Monday, January 11, 2010, Deputy First Assistant Prosecutor Kimberly

Lacken, Victim Witness Advocate Paula Pulgar, Mercer County Prosecutor's Office and Mercer

County Prosecutor's Office Detective James Francis had a conference call with Johanny Herrera,

who is the Victim's cousin and the legal guardian of H.M.  The purpose of the conference call

was to advise Hererra that the case was scheduled to be presented to a grand jury.  During the

course of the conversation, Herrera informed Detective Francis that the Defendant's real name is

Marco David Martinez and that he is from Guatemala.  Additionally, Herrera stated that she had

heard that the Defendant fled to Guatemala after the murder.

8.      During the course of this investigation, detectives obtained a copy of H.M.'s birth

certificate.  H.M. was born on ███████ and is the son of the Victim and the Defendant.

The birth certificate lists the mother's name as Yerika Yahaira Hernandez, her date of birth as

███████ her address as 222 Elmer Street, Trenton, New Jersey, and her place of birth as the

Dominican Republic.  The birth certificate lists the father's name as Maycoll David Martinez, his

date of birth as ███████ and his place of birth as Guatemala.

8.      Based on my training and experience, given that law enforcement personnel have

been unable to find the Defendant and that Herrera has indicated that the Defendant fled to

Guatemala, there is probable cause to believe that the Defendant has traveled in interstate and/or

foreign commerce to avoid arrest and prosecution for crimes that he allegedly committed in New

Jersey.

# Exhibit 1

# COMPLAINT - WARRANT

*HOMICIDE*

## THE STATE OF NEW JERSEY

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1111** | **W** | **2009** | **002300** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO |

TRENTON MUNICIPAL COURT
225 N CLINTON AVE
TRENTON            NJ    08607
(609)989-3700 COUNTY OF: MERCER

| # of CHARGES | CO-DEFTS | POLICE CASE # |
|---|---|---|
| 3 | | 09007210 |

COMPLAINANT STEVEN WHITE
NAME: 225 NO CLINTON AVE
ATTN: WARRANTS
TRENTON            NJ   08607

*VS.*

JOSE E DELGADO-FEBRES

ADDRESS
659 BETTY STREET

TRENTON                    NJ   08610

DEFENDANT INFORMATION
SEX: M   EYE COLOR: BROWN       DOB 09-11-1973
DRIVER'S LIC # D2377410650 5732            DL STATE:   NJ
SOCIAL SECURITY # 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   SBI #
TELEPHONE #

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 04-28-2009 in **TRENTON CITY** **MERCER** County, NJ did: WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY OR KNOWINGLY CAUSE THE DEATH OF YERIKA HERNENDEZ BY STABBING THE VICTIM WITH A KNIFE INSIDE THERE HOME DURING AN ARGUEMENT.

WITHIN THE JURISDICTION OF THIS COURT, KNOWINGLY POSSESS A WEAPON (KNIFE) WITH THE PURPOSE TO USE IT UNLAWFULLY AGAINST THE PERSON OF ANOTHER, BY STABBING THE VICTIM (YERIKA HERNANDEZ) DURING AN ALTERCATION AT 659 BEATTY STREET APARTMENT #1.

WITHIN THE JURISDICTION OF THIS COURT, KNOWINGLY POSSESS A WEAPON, NAMELY A KNIFE, UNDER CIRCUMSTANCES NOT MANIFESTLY APPROPRIATE FOR LAWFUL USE, SPECIFICALLY BY POSSESSING SAME AT 659 BEATTY STREET APARTMENT #1.

**Reason to believe defendant is illegal immigrant. (Basis of information on page 2)**

| In violation of: | | | |
|---|---|---|---|
| Original Charge | 1) 2C:11-3 | 2) 2C:39-4D | 3) 2C:39-5D |
| Amended Charge | | | |

**OATH:**
Subscribed and sworn to me this _____ 2-8 day of ___April___ yr 2009
Signed: _Det. A____ __t__

(Signature of Complaining Witness)

Signed: _____
(Signature of Person Administering Oath and Title)

| DATE OF FIRST APPEARANCE | TIME | DATE OF ARREST 00-00-0000 |
|---|---|---|

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause **IS NOT** found for the issuance of this complaint.

Signature of Court Administrator or Deputy Court Administrator _____ Date

☑ Probable cause **IS** found for the issuance of this complaint. _____ (signature)
Signature and Title of Judicial Officer Issuing Warrant _____ Date 7/3/09

TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: _million / cash_ by: _____
(if different from judicial officer that issued warrant)

| ☑ Domestic Violence — Confidential | ☐ Related Traffic Tickets or Other Complaints | ☑ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

**ORIGINAL**

Page 1 of 7

NJ/CDR2 8/1/2005

# COMPLAINT — WARRANT (Court Action)

**COMPLAINT NUMBER**

| 1111 | W | 2009 | 002300 | STATE V. |
|------|---|------|--------|----------|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | JOSE E DELGADO-FEBRES |

**FTA Bail Information** / Date Bail Set:

| Released on Bail (✓) | R.O.R. | Committed Default | Committed w/o Bail | | Amount Bail Set: $_____ | by ____ | ☐ Bail Recog Attached |
|---|---|---|---|---|---|---|---|

Place Committed / Date Referred to County Prosecutor:

**Date of First Appearance:** ☐ Advised of Rights by _____

Defendant Desires Counsel: ☐ Yes  ☐ No

**Prosecuting Attorney Information**

Name:

| State | County | Municipal | Other |
|-------|--------|-----------|-------|

**Defense Counsel Information**

Name:

| None | Retained | Public Def | Assigned | Waived | Other |
|------|----------|-----------|----------|--------|-------|

| | 1) 2C:11-3 | 2) 2C:39-4D | 3) 2C:39-5D |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |
| Waiver Indt/Jury | | | |
| Plea/Date of Plea | Plea:  Date: | Plea:  Date: | Plea:  Date: |
| Adjudication (* see code) | Finding Code  Date: | Finding Code  Date: | Finding Code  Date: |
| Jail Term | Jail time credit  Susp. Imp | Jail time credit  Susp. Imp | Jail time credit  Susp. Imp |
| Probation Term | Susp. Imp | | |
| Cond. Discharge Term | | Susp. Imp | Susp. Imp |
| Community Service | | | |
| D/L Suspension Term | | | |
| Fines/Costs | Fines:  Costs: | Fines:  Costs: | Fines:  Costs: |
| VCCB/SNSF | VCCB:  SNSF: | VCCB:  SNSF: | VCCB:  SNSF: |
| DEDR/Lab Fee | DEDR:  LAB: | DEDR:  LAB: | DEDR:  LAB: |
| CD Fee/Drug Ed Fnd | CD:  DAEF: | CD:  DAEF: | CD:  DAEF: |
| DV Surch/Other Fees | DV:  Other: | DV:  Other: | DV:  Other: |
| Restitution Beneficiary: | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**

**Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed   Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed-Lack of Prosecution
7 – Dismissed – Pros Motion/Vs. Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P – Dismissed-Plea Agreement
S – Disposed at Superior
W – Dismissed-False ID

**Immigration Status - Basis of Information (complainant check all that are applicable)**

____ Absence of legal documentation
____ ICE confirmation
____ ICE contacted/awaiting reply
____ ICE replied - no record found
____ Defendant admission, or other statements
____ Other (specify)_____

JUDGE'S SIGNATURE _____  DATE _____

**ORIGINAL** — Court Action

Page 2 of 7

NJ/CDR2 8/1/2005